**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-35860 |
| Plaintiff-Appellee, | D.C. Nos.    4:19-cv-00018-BMM |
| v. | 4:18-cr-00048-BMM-1 |
| MICHAEL CHRISTOPHER LAIRD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted October 7, 2020[**]
Seattle, Washington

Before:  GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

1

Michael Christopher Laird appeals the district court's denial of his motion under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

In his criminal case, Laird pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine and was sentenced to 120 months' imprisonment. He timely filed a § 2255 motion asserting ineffective assistance of counsel with respect to his competency and plea. The district court denied the motion on initial review and certified appealability of both issues.

On appeal, Laird argues he was entitled to an evidentiary hearing on his habeas motion to determine competency. Laird, however, waived the right to collaterally attack on grounds other than ineffective assistance of counsel. We consider his competency issue despite the procedural default because he argues that his plea was unknowing and unintelligent, *see Garza v. Idaho*, 139 S. Ct. 738, 745 (2019) ("[D]efendants retain the right to challenge whether the waiver itself is valid and enforceable . . . ."), and that he is "actually innocent," *Bousley v. United States,* 523 U.S. 614, 622 (1998) (noting that a defendant may raise a procedurally defaulted claim on habeas if he demonstrates actual innocence).

The district court properly determined the § 2255 motion without a hearing because Laird did not raise "sufficient facts to create a real and substantial doubt as to his competency." *Deere v. Woodford,* 339 F.3d 1084, 1086 (9th Cir. 2003), *as*

*amended on denial of reh'g* (Oct. 2, 2003).  The transcripts reflect that Laird's counsel read the plea agreement to him and that he understood his plea and the proceedings.  Neither does Laird present new evidence on appeal that would "raise a good faith doubt."  *Id.*

Laird next asserts ineffective assistance of counsel in pleading guilty when he was actually innocent of the minimum drug quantity for 21 U.S.C. 841(b)(1)(A).  We review *de novo*.  *Heishman v. Ayers,* 621 F.3d 1030, 1036 (9th Cir. 2010) (per curiam).  We conclude that Laird suffered no prejudice.  *Strickland v. Washington,* 466 U.S. 668, 689, 694 (1984).  The government offered to prove that Laird sent a 1.7-pound package, and the recipient estimated it contained 50-60 grams of methamphetamine.  The next day, only 46.4 grams were found on Laird's companion, but this does not obviate the estimate of what Laird sent.  Because that was a sufficient factual basis to accept his plea, Laird did not allege facts inferring actual innocence or that his lawyer's advice was unreasonable.  Because the record conclusively showed Laird was not entitled to relief, denial on initial review was proper.  28 U.S.C. § 2255(b).

**AFFIRMED.**